OPINION
{¶ 1} Dan McGlaughlin appeals from the granting of a summary judgment against him. In his brief, he sets forth two propositions of law:
 SUMMARY JUDGMENT IN FAVOR OF THE PROPERTY OWNER IS INAPPROPRIATE WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER A DANGEROUS CONDITION WAS OPEN AND OBVIOUS.
 THE OPEN AND OBVIOUS DOCTRINE DOES NOT APPLY WHEN THE OWNER OF PREMISES CREATES THE HAZARDOUS CONDITION. *Page 2 
The propositions of law are not literally assignments of error as required by the Ohio Rules of Appellate Procedure, but, rather than dismiss the appeal, we will construe them as theories under a single assignment of error that the trial court erred in granting summary judgment.
 {¶ 2} Both propositions of law contest issues related to the application of the legal theory or doctrine of open and obvious dangers to the facts of this case. The second proposition of law asserts that the legal theory or doctrine does not apply when the owner of a premises creates the open and obvious danger. The first proposition of law asserts that, even if the theory or doctrine does potentially apply, the facts are sufficiently in dispute that summary judgment was inappropriate in this case.
 {¶ 3} Dan McGlaughlin agreed to install shingles on a roof owned by Michael Mason. Mason tore off the old shingles, but not all the felt from the original roofing. McGlaughlin was carrying roofing material up to the upper level of the roof by climbing a ladder and then was descending the ladder to get more materials. After a number of trips carrying roofing material up to the second story roof, McGlaughlin fell while descending the ladder. He blamed the fall on the condition of the remaining felt upon which the ladder was positioned. He indicated that the bottom of the ladder slid or "kicked out," causing his fall and subsequent injuries.
 {¶ 4} The ladder in question was positioned on the roof of Mason's garage. The base of the ladder was resting on the roofing felt.
 {¶ 5} Mason was not present when McGlaughlin fell. Mason inspected his roof after the fall and swore in an affidavit that he looked for and did not detect any damage to *Page 3 
the felt paper or shingles on the garage part of the roof. Mason further indicated that when he used the step ladder to access the main part of the roof on the day of McGlaughlin's fall, the ladder was sturdy and stable, giving "no indication of any potential that it could kick out or otherwise become dislodged with the use." (Affidavit of Michael Mason, at ¶ 9.)
 {¶ 6} McGlaughlin was an experienced roofer. He obviously knew that there is significant danger in carrying loads up a ladder which is positioned on a peaked roof. He also obviously knew that the stability of the ladder is dependent upon where the base of the ladder is placed. "Positioning the ladder on the old felt created a hazardous condition because the old felt is papery, crumbly, and slippery and does not provide a stable surface for the ladder to stand on." (Affidavit of Dan McGlaughlin.)
 {¶ 7} McGlaughlin, with his years of experience as a roofing contractor who did much of the actual work himself was in a position to look at the roofing felt and see if it was new or if it was the old felt. If it was old, he knew it was "papery, crumbly and slippery." A ladder positioned on a garage roof with a papery, crumbly and slippery footing is clearly an open and obvious danger. McGlaughlin was also aware that the roof surface was slippery, for himself or for the feet of a ladder. He testified in his deposition:
 Q. Okay[.] Prior to the exact point when your accident happened, did you ever experience any problem getting around on the Masons' roof?
 A. Yes.
 Q. Tell me about that.
 A. From where the granules — where he removed the roof shingles from the upper part, throwing them down to the garage level to be taken into the Dumpster, there were a lot of *Page 4 
granules accumulating, which made it slippery, plus the pitch of the garage roof and the upper part of the roof were different.
 * * *
 Q. Did you ever lose your footing up on the roof of the Masons' residence before the time you had your accident?
 A. Which section?
 Q. Any section.
 A. Yes.
 Q. Tell me about that.
 A. Slipping on the granules from where it accumulated from the tear off.
 Q. When you say granules, you're talking about granules from the shingles that were torn off?
 A. Yes, and pieces, debris. Is that a better word, sir?
 Q. When you say debris, you're talking old asphalt shingles?
 A. Shingles and felt and whatever else he threw there, he had removed.
(McGlaughlin Depo., at 32 33.)
 {¶ 8} McGlaughlin acknowledges that he did not know what happened at the time he fell. He, in fact, had no clue. However, he later theorized that the ladder skidded on the old felt. Id. at 62-63.
 {¶ 9} He explains his theory in some detail:
 A. Excuse me. My idea, and the reason that it happened, my idea was because the felt was not replaced and with it being tattered and worn as it was, it gave way to my weight and slid out, which, obviously, when you're on a ladder and it slides out, I don't have feathers to fly, so I had to fall. *Page 5 
 Q. Now, you think that the felt was tattered and worn?
 A. I know it was. I saw it, because he didn't replace it. We left it open. We left the area exposed because — for that reason we didn't put any shingles on it, so it wouldn't get boogered up.
Id. at 64-65.
 {¶ 10} In short, McGlaughlin was descending a ladder which he knew was on an unstable base, whether from granules or from old felt. He personally knew the felt was tattered and worned. He had helped make the decision to leave the base of the ladder on the old felt. The dangers were clear to him or open and obvious.
 {¶ 11} Under the facts of this case, McGlaughlin's first proposition of law has no merit.
 {¶ 12} The second proposition of law might apply to situations where a landowner or homeowner consciously creates a dangerous condition or purposely maintains a hazard after creating it. The proposition does not apply to the facts of McGlaughlin's case. Mason apparently positioned the ladder initially and used it himself. Mason was not on the premises when McGlaughlin used the ladder repeatedly to ascend to the second story roof. Mason, under the circumstances, had no personal knowledge of McGlaughlin's fall, or even what happened involving the ladder after Mason left the premises. As noted previously, McGlaughlin was really in a better position to appreciate the danger then Mason was. We believe the open and obvious dangers doctrine does apply to these facts. *Page 6 
 {¶ 13} We, therefore, overrule the contesting of the grant of summary judgment. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1